Scan only

FILED
AUG 10 2006
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| IAN ORVILLE AIKEN, | Case No. CV 04-0006-TJH (MLG) |
| Plaintiff, | REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| v. | |
| EDDIE CARLOCK, et al., | |
| Defendants. | |

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is a federal prisoner currently incarcerated at the United States Penitentiary in Coleman, Florida. On July 12, 1996, the former Immigration and Naturalization Service arrested Aiken, a native of Jamaica, and commenced deportation proceedings against him. On July 26, 1996, an Immigration Judge ordered that he be deported to Jamaica. However, on July 29, 1996, Aiken was charged, in the United States District Court Southern District of Florida, with illegal reentry into the United States, in violation of 18 U.S.C. §




1326. Aiken pleaded guilty and was sentenced to 21 months imprisonment on May 23, 1997. Aiken served this sentence at the Federal Correctional Institution in Terminal Island, California (FCI-Terminal Island).

In this lawsuit, Aiken alleges that his May 1997 sentence expired on January 21, 1998 and that he was kept in custody for an additional 17 days after he should have been released. Aiken contends that he informed the defendants of his belief that his sentence had been fully served on January 21, 1998 and that he demanded to be released from custody. Aiken has alleged that all three defendants failed to take any action.

On January 29, 1998, a detainer was lodged against Aiken by the State of New York relating to a murder investigation. The next day, Aiken received a copy of a criminal complaint, filed in the United States District for the Southern District of Florida, charging him with possession and use of a false passport and possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922q and § 1546. This also acted as a detainer preventing Aiken's release from custody.

On February 6, 1998, Aiken was discharged from custody at FCI-Terminal Island and transported to New York under that State's detainer. The charges pending against him in New York were dismissed on April 16, 1998 and he was transferred to the Southern District of Florida on April 17, 1998 under an order of removal to answer to the ammunition and passport offenses. He remained in federal custody in Miami Florida and on May 22, 2000, he pled guilty to the passport and ammunition charges and was sentenced to 120 months and 293 months imprisonment respectively. Aiken also pled guilty to racketeering

conspiracy offenses on May 17, 2000 and was sentenced to 420 months imprisonment in the fall of 2000.[1]

On December 15, 2003, Plaintiff filed this *pro se* civil rights action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), alleging that federal law enforcement officers and prison officials at FCI-Terminal Island violated his constitutional rights by keeping him in custody for 17 days after he should have been released.[2] The complaint named as defendants "Six Unknown Agents of the Bureau of Prisons". On January 16, 2004, after screening the complaint pursuant to 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997(e)(1), this Court dismissed the complaint because of procedural defects, but granted Aiken leave to file a First Amended Complaint.

The First Amended Complaint was filed on February 19, 2004. In that complaint, Plaintiff named as defendants: Dick Clark, former Warden at FCI-Terminal Island; Eddie Carlock, systems manager at FCI-Terminal Island; and Michael Benov, Warden of FCI-Terminal Island from 1997 through January 1998.[3] The Court again screened the complaint and dismissed it with leave to amend on March 12, 2004.

---

[1] It appears that Aiken is serving the three sentences concurrently.

[2] The complaint was originally filed in the United States District Court for the Middle District of Florida on December 15, 2003. It was ordered transferred to this court on December 30, 2003.

[3] The complaint also named the United States Department of Justice; FBI Special Agent Thomas Larned of Miami, Florida, Kathleen Hawk-Sawyer, Director of the United States Bureau of Prisons, Anthony DiBase of "Immigration Service Miami Florida"; Fred Hunnum, Miami/Dade County Florida Police Officer; and FBI Special Agent Tony Velesquez, Miami, Florida. The court found that the Department of Justice was immune from suit and that the complaint failed to state a claim upon which relief could be granted with respect to the remaining Defendants. In subsequent complaints, Aiken has not referred to the aforementioned defendants nor made any allegations against them. The cause of action against these Defendants has been deemed abandoned.

On April 12, 2004, Aiken filed the Second Amended Complaint, which the Court ordered served upon the three Terminal Island Defendants. In this Second Amended Complaint, Aiken contended that these Defendants violated both his due process and Eighth Amendment rights when they did not timely release him from prison upon expiration of his sentence. He also alleged that, had it not been for his delayed release, he would not have faced the subsequent criminal charges for which he is currently serving the 420-month sentence. He sought Twenty-Five Million Dollars in damages from each Defendant as well as Forty Million Dollars in punitive damages.

Initially, only Michael Benov was served with process. On February 22, 2005, Benov filed a motion to dismiss. In a Report and Recommendation filed on January 19, 2005, I recommended that Michael Benov's motion to dismiss be granted on the grounds that the complaint against him was untimely filed. On May 5, 2005, United States District Judge Terry J. Hatter, Jr. adopted the Report and Recommendation and entered judgment dismissing the claims against Benov with prejudice.

In the meantime, the two remaining Defendants, Eddie Carlock and Dick Clark, were served with process. On July 21, 2005, Carlock and Clark filed a motion to dismiss, alleging that the action was untimely with respect to them also. On September 15, 2005, Aiken filed an opposition to the motion, contending that the limitations period should be equitably tolled. The Court requested additional briefing, which was completed on May 30, 2006. The matter is now ready for decision.

\\

\\

## II. THE COMPLAINT WAS UNTIMELY FILED AS TO CARLOCK AND CLARK

The forum state's limitations period for the filing of personal injury torts governs *Bivens* actions. *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), *Papa v. United States*, 281 F.3d 1004, 1009 (9th Cir. 2002). Until January 1, 2003, California law provided that personal injury actions were subject to a one year limitations period. Cal. Civ. Proc. Code § 340 (3).[4] Thus, *Bivens* actions were subject to the same statute of limitations period. *Del Percio v. Thornsley*, 877 F.2d 785, 786 (9th Cir. 1989).

Notwithstanding the application of the forum state's limitations period, federal law governs the accrual date of a claim. *Johnson v. State of California*, 207 F.3d 650, 653 (9th Cir. 2000); *Tworivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). A claim accrues when the Plaintiff knows or has reason to know of the injury which forms the basis of the action. *Id.*; *Morales v. City of Los Angeles*, 214 F.3d 1151, 1154 (9th Cir. 2000).

In response to Benov's motion to dismiss, Plaintiff asserted that because he was required to exhaust administrative remedies prior to filing suit,[5] the action did not accrue until he had exhausted all of his administrative remedies in November 2002 and that his

---

[4] Enacted into law on January 1, 2003, Cal. Civ. Proc. Code § 335.1 extends the limitation period for personal injury claims from one to two years. This statute has been construed not to apply retroactively to federal civil rights actions which accrued before the date the statute took effect. *See Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado v. Harris*, 370 F.3d 945, 954-55 (9th Cir. 2004).

[5] The Prison Litigation Reform Act of 1995 provides: No action shall be brought with respect to prison conditions under 42 U.S.C. § 1983, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

complaint was therefore timely filed, within three years of the latter date as permitted by California law.[6] I rejected Plaintiff's argument because it confused accrual of a cause of action with the tolling of the limitations period. A cause of action accrues when the Plaintiff knows or has reason to know of the injury which forms the basis of the action. At best, Plaintiff would have been entitled to tolling of the time period during which his administrative remedies were pending. Assuming without deciding that the limitations period was tolled while Plaintiff exhausted his administrative remedies, I concluded that the complaint was nonetheless untimely filed because the administrative proceedings upon which Plaintiff relied did not commence until June 19, 2002, more than four years and four months after the cause of action accrued.[7]

---

[6] On June 19, 2002, Plaintiff filed a request for informal dispute resolution with the Bureau of Prisons (BOP), claiming that he had been illegally held at FCI-Terminal Island for 17 days in 1998. He requested a downward departure on his current 420-month term of imprisonment and $25 million dollars in damages. The BOP initially rejected the claim. Plaintiff's appeal of this administrative decision was denied by Warden Donald A. McKelvey on July 1, 2002. In denying the remedy, Warden McKelvy noted that Plaintiff had previously raised the same claim while incarcerated at the United States Penitentiary in Leavenworth, Kansas in June 2001, which had been denied. Plaintiff's appeal to the Regional Administrative Office was denied on September 17, 2002. This response noted that on November 15, 2001, based upon an appeal of the Leavenworth administrative remedy request, Plaintiff was awarded the seventeen days credit against his current sentence. An appeal to the Central Administrative Office was denied on November 29, 2002 with a finding that Plaintiff was not entitled to money damages. The BOP did not address the timeliness of the 2002 administrative remedy request. (Exhibit A, Defendant's Response to Plaintiff's Reply, filed May 10, 2006). Thus, Plaintiff had previously raised the claim concerning the 17 days incarceration while at Leavenworth in 2001 and received all credit to which he was entitled in November 2001.

[7] When an administrative remedy request is submitted after the limitations period has expired, tolling does not apply to the period of time during which the grievance is pending. *Gartrell v. Gaylor*, 981 F.2d 254, 256-57 (5th Cir. 1993). To find otherwise would undermine

The same analysis utilized in the Benov Report and Reccommendation is obviously applicable to the motion filed by Carlock and Clark. Plaintiff continues to assert that he was entitled to release from FCI-Terminal Island on January 21, 1998. There is no doubt that he was aware of his claim on that date since he complained to Carlock about the failure to be released. He was released from federal to state authorities on February 6, 1998. Thus, the cause of action against these Defendants accrued no later than January 21, 1998.

When a federal court utilizes a state's limitation period, it must also give effect to a state's tolling provisions. *Hardin v. Straub*, 490 U.S. 536, 543-44 (1989); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). Under the California law that was in effect in 1998, when a person is imprisoned upon a criminal charge, or in execution of a sentence of a criminal court, for a term less than life, the limitations period is tolled for a maximum of two years. Cal. Civ. Proc. Code § 352.1 (a). *Jones v. Blanas*, 397 F.3d at 927. Because it appears that Plaintiff was imprisoned for the entire period of time since the presumptive date of accrual of the cause of action, he had three years, until January 21, 2001, in which to file this action. As noted, the case was not filed until December 15, 2003. Accordingly, the cause of action was untimely by almost two years and ten months.

\\
\\

---

the rationale for a limitations period. A plaintiff could delay the filing of a required administrative process indefinitely and still be timely if accrual of the cause of action is deemed to be the date that the administrative proceedings were concluded.

III. **PLAINTIFF IS NOT ENTITLED TO EQUITABLE TOLLING OF THE LIMITATIONS PERIOD**

In response to Carlock and Clark's motion to dismiss, Plaintiff asserts a new set of facts, not raised in response to Benov's motion to dismiss. He now claims that at some unspecified time while he was incarcerated in the Federal Detention Center in Miami, Florida, he was "affirmatively misled" by other prisoners and an unidentified detention center employee that he was without access to an administrative remedy procedure and that the limitation period would not begin until he obtained such access. He thus claims that he is entitled to equitable tolling.

In *Jones v. Blanas*, 393 F.3d at 928, the Ninth Circuit summarized the application of the doctrine of equitable tolling under California law. The Court stated:

> Equitable tolling under California law "'operates independently of the literal wording of the Code of Civil Procedure' to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." *Lantzy v. Centex Homes*, 31 Cal.4th 363, 2 Cal.Rptr.3d 655, 660, 73 P.3d 517, 523 (2003) (citation and internal quotation marks omitted). The purpose of California's equitable tolling doctrine "is to soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court." *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1137(9th Cir. 2001) (en banc) (quoting *Addison v. State*, 21 Cal.3d 313, 146 Cal.Rptr. 224, 225, 578 P.2d 941, 942 (1978)) (internal quotation marks omitted). Thus California

8

courts apply equitable tolling "to prevent the unjust technical forfeiture of causes of action, where the defendant would suffer no prejudice." *Lantzy*, 2 Cal.Rptr.3d at 660, 73 P.3d at 523. Application of California's equitable tolling doctrine "requires a balancing of the injustice to the plaintiff occasioned by the bar of his claim against the effect upon the important public interest or policy expressed by the ··· limitations statute." *Id.* at 660, 73 P.3d at 524 (quoting *Addison*, 146 Cal.Rptr. at 228, 578 P.2d at 945) (internal quotation marks omitted) (omission in original).

Plaintiff's factual and legal arguments in support of his claim for equitable tolling are meritless. Plaintiff was well aware of the facts underlying this cause of action on January 21, 1998. He remained in FCI-Terminal Island for an additional seventeen days, yet did not avail himself of the administrative remedy process that was available to him there.[8] Similarly, he did not seek to commence the administrative appeal process or a civil action against these defendants while in the custody of New York officials. Indeed, he

---

[8] For a prisoner confined in federal prison, an administrative remedy procedure has been established through which an inmate can seek formal review of any complaint he might have regarding his imprisonment. *See* 28 C.F.R. § 542, *et seq.* If the inmate is unable to initially resolve the issue through an informal resolution with prison staff, he must then submit a written administrative remedy request form designated a BP-9. 28 C.F.R. § 542.13-14. The BP-9 must be filed within 20 calendar days of "the date on which the basis for the Request occurred." 28 C.F.R. 542.14(a). If the BP-9 is denied, the inmate may appeal the decision to the Regional Director (form BP-10) and then to the Central Office of the Bureau of Prisons (form BP-11). 28 C.F.R. § 542.15. A request for administrative remedy is not deemed to have been exhausted until it has been rejected by the Central Office. 28 C.F.R. § 542 *et seq.*; *Seehausen v. Van Buren*, 243 F. Supp.2d 1165, 1168 (D. Or. 2002).

apparently did nothing until he filed the administrative remedy in June 2001, while he was in Leavenworth Prison, after the limitations period had expired.

Plaintiff's claim that he relied on the erroneous advice of other prisoners while in the Miami Detention Center does not provide a basis for tolling. If true, such reliance was both ill-advised and negligent. In the habeas corpus context, reliance on the negligent advice of counsel does not provide a basis for equitable tolling. *Miranda v. Castro*, 292 F.3d 1063, 1067-68 (9th Cir. 2003); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001). It would be incongruent to apply the doctrine of equitable tolling in a civil rights action based upon the erroneous advice provided by fellow inmates. Reliance on fellow inmates for legal information is simply not a basis for tolling the statute of limitations.

In addition, Plaintiff claims that "FDC Miami staff told him that he would be able to pursue administrative review upon reaching his designated facility". It is the burden of the Plaintiff to establish an entitlement to equitable tolling. *Hinton v. Pacific Enterprises*, 5 F.3d 391, 395 (9th Cir. 1993). However, Petitioner has not provided the court with the name of any individual who might have so informed him, when that might have occurred in the course of his two-year stay at FDC-Miami, or why he did not raise this claim in opposing Benov's motion to dismiss. Plaintiff has not met his burden by making these general and vague allegations of inaccurate advice.

Though Plaintiff states that he believed that he would not have access to remedy procedure until he was moved from Miami and into a prison where he would be held for the remainder of his sentence, this contention is belied by the Declaration of Marisa J. Davidson which

states that Plaintiff filed four administrative remedies while incarcerated in FDC Miami between March 2, 2000 and October 23, 2000. (Exhibit B, Defendants' Response to Plaintiff's Reply). All of these Administrative Remedy Requests were filed within the limitations period in this case. Davidson's Declaration also reveals that Plaintiff was incarcerated in USP Leavenworth from December 22, 2000 through April 12, 2001. There is no indication that he attempted to file an administrative remedy relating to the issue in this case during that time period. When he did file an Administrative Remedy Request in June 2001, while again incarcerated at USP Leavenworth,[9] he received the relief requested in the form of 17 days credit against his current sentence. This undermines Aiken's statements that he believed that he did not have access to the remedy procedure and was therefore unable to exhaust his administrative remedies in a timely manner until incarcerated at USP Coleman in April 2002.

The application of equitable tolling requires that a plaintiff act reasonably and with diligence in asserting his rights. *Lantzy v. Centex Homes, supra*, 31 Cal.4th at 379 (tolling available only where plaintiff uses "diligent efforts to pursue his claim in correct and orderly way"); *Wood v. Elling Corp.*, 20 Cal.3d 353, 359 fn. 4 (1977). *See also Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000). Even if Aiken's allegations are true, his failure to act with reasonable diligence in exhausting his administrative remedies with the Bureau of Prisons and in initiating this lawsuit after presenting this claim to the Bureau of Prisons in

---

[9] Administrative Remedy Identification Number 242343-F1 titled "Not Satisfied With State Credit Time Response From Inmate System Manager."

11

June 2001 precludes application of the equitable tolling doctrine.

This is not a case involving a technical forfeiture of a cause of action. Plaintiff sat on his rights. Defendants would clearly be prejudiced should this eight year old claim be allowed to go forward on based upon such flimsy evidence in support of his claim of entitlement to equitable tolling. Accordingly, it is recommended that this action be dismissed as untimely.

Dated: August 9, 2006

_[signature]_
Marc L. Goldman
United States Magistrate Judge